## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PROLOGIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE MEN'S WEARHOUSE,<br><br>　　　　　Defendant. | CIVIL ACTION FILE NO.<br>1:11-CV-00607-AT |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Local Rule 26.1, Plaintiff ProLogis hereby provides these initial disclosures. The information set forth herein constitutes the best information presently available to ProLogis. ProLogis provides these disclosures without prejudice to its right to timely amend, supplement, or change said disclosures if and when additional, different, or more accurate information becomes available. These disclosures are subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist.

**(1)     State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Response:

ProLogis brings this action for damages related to the contamination of property it owns located at 4000 - 4030 Pleasantdale Road, Atlanta, DeKalb County, Georgia (the "Property").  ProLogis purchased the Property in 1995.  At that time, ProLogis acquired all rights and obligations under the lease agreements executed by the former Property owner and tenants.

The Property contains two buildings with space for a number of commercial businesses.  Mitchell's Formal Wear, Inc. ("Mitchells") leased a portion of the Property located at 4030 Pleasantdale Road beginning August 1, 1980, and continuing through January 31, 2000.  Mitchells cleaned clothing on the leased property using hazardous chemicals, including perchloroethylene ("PCE").  In its lease agreements, Mitchells agreed to maintain the leased property in good and clean condition and to make all repairs necessary to maintain the Property in such condition.  Mitchells spilled or otherwise released PCE on the leased property, resulting in the contamination of the Property.

In 1998, ProLogis discovered the PCE contamination on the Property and demanded that Mitchells clean up the Property and remove the PCE contamination.

2

On June 1, 1998, ProLogis and Mitchells entered into an Environmental Agreement in which Mitchells acknowledged that the presence of PCE in the soil and groundwater beneath the Property is associated with Mitchells on-site dry cleaning operations and agreed to investigate the extent of PCE contamination and to perform appropriate and reasonable remediation activities at the Property.  In addition, in the Environmental Agreement, the parties agreed to arbitrate disputes regarding the scope and extent of Mitchells clean-up obligations.  The parties dispute whether those clean-up obligations have been satisfied, and have agreed to arbitrate this dispute on or before October 15, 2011.

ProLogis contends that Mitchells released PCE on the Property in violation of its lease agreement as well as state and federal law.  The obligation to remediate the Property now rests with Defendant The Men's Wearhouse, Inc. ("Men's Wearhouse") as the successor to Mitchells.  Men's Wearhouse and its predecessors have now had 13 years to remediate the contamination, yet still has not satisfied its cleanup obligations.  The Environmental Agreement expressly reserves the right of ProLogis to pursue claims regarding the effect of the contamination on the value of the property.  ProLogis thus brings this action to recover costs and damages not covered by the arbitration agreement, including but not limited to response costs, diminution in property value, remediation expenses, lost rents, attorney's fees, and

all other costs ProLogis incurred related to the contamination of the Property. ProLogis denies any liability to Men's Wearhouse for contribution costs.

The legal issues to be decided are as follows:

(a)   Whether Men's Wearhouse is liable to ProLogis for response costs under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq*.;

(b)   Whether Men's Wearhouse is liable for breach of contract and, if so, the extent to which ProLogis has suffered damages as a result of that breach;

(c)   Whether Men's Wearhouse is liable for trespass, and if so, the extent to which ProLogis has suffered damages as a result;

(d)   Whether Men's Wearhouse is liable for nuisance, and if so, the extent to which ProLogis has suffered damages as a result;

(e)   Whether Men's Wearhouse is liable for negligence, and if so, the extent to which ProLogis has suffered damages as a result;

(f)   Whether ProLogis is entitled to recover damages, including but not limited to lost rents, property damage, special damages,

consequential damages, costs, expenses, and other damages

related to the contamination of the property; and

(g)    Whether ProLogis is entitled to recover attorneys' fees and

expenses of litigation in this action under the terms of the Lease

Agreement as well as pursuant to  O.C.G.A. §  13-1-11, and/or

O.C.G.A. §  13-6-11.

**(2)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

At this time, ProLogis is aware of the following statutes, regulations, and

illustrative case law that are representative of the legal principles that are

applicable to this dispute:  the Comprehensive Environmental Response,

Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§  9601 *et seq*., and

rules and regulations promulgated thereunder; the Hazardous Site Response Act

("HSRA"), O.C.G.A. §§ 12-8-90 *et seq.*, and rules and regulations promulgated

thereunder; the Hazardous Site Reuse and Redevelopment Act ("Brownfields

Act"), O.C.G.A. §§ 12-8-200 *et seq.*, and any accompanying rules and regulations;

Attorneys' Fees and Expenses of Litigation under O.C.G.A. § 13-6-11; O.C.G.A.

Title 13 (Contracts); O.C.G.A. Title 41 (Nuisances); O.C.G.A. Title 51 (Torts),

Chapters 1 (General Provisions), 2 (Imputable Negligence), 9 (Injuries to Real

Estate), & 12 (Damages); common law theories of nuisance and continuing

nuisance, trespass and continuing trespass, negligence, and breach of contract; and

relevant State and Federal case law relating to the foregoing.

ProLogis reserves the right to supplement and amend this response and to

rely on statutes, codes, regulations, legal principals, standards, customs, usages,

and case law not identified herein.

**(3)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosure as Attachment A.)**

<u>Response</u>:  See Attachment A hereto.

**(4)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

<u>Response</u>:

Larry A. Neal, PE
Senior Principal Environmental Engineer
Vice President
MACTEC Engineering and Consulting, Inc.
3200 Town Point Drive NW, Suite 100
Kennesaw, GA 30144

Mr. Neal has not yet prepared a written report.  When Mr. Neal has concluded his work and prepared a final report, ProLogis will provide the report to Men's Wearhouse.

ProLogis has not retained any other witness who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. ProLogis reserves the right to supplement this list at the appropriate time in the event it retains any other expert witness to testify in this case.

**(5)** **Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Response:  See Attachment C hereto.

**(6)** **In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Response:

Plaintiff seeks the following damages:

(a)     Response costs under CERCLA and recovery of attorneys' fees and environmental consultant fees as authorized by the various lease agreements.  A

7

summary of the attorneys' fees and environmental consultant fees are attached as Attachment D. ProLogis likewise seeks recovery for the on-going operational cost of the vapor intrusion remediation system located under the building formerly occupied by Men's Wearhouse. ProLogis likewise seeks any additional response costs, attorneys' fees, environmental consultant fees, and operational costs that it may incur in the future.

(b)     Attorneys' fees, costs, and interest under O.C.G.A. § 13-6-1.

(c)     Lost rents resulting from the contamination of the Property.

(d)     Interference with ProLogis's right to use and enjoy its Property. Compensation for interference with a property owner's right to the unencumbered use of its property is a matter of general damages committed to the enlightened conscience of the finder of fact.

(e)     Damage to the value of the Property, which will be presented by expert and lay testimony. Men's Wearhouse has failed to fulfill its obligation to adequately remediate the Property, has failed to obtain sufficient information to allow the Property to enter and complete the Brownfields Program, and has failed to take the steps necessary to finalize the remediation once the cleanup is complete (e.g., removal of all remediation equipment as required by the Access Agreement between the Parties). These failures have had a substantial negative affect on the

value of the Property.  The precise nature and scope of additional work to be

performed by Men's Wearhouse on the Property is the subject of pending

arbitration proceeding between the Parties.

     (f)    Such other and further relief as the Court may deem just and proper.

**(7)    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>Response</u>:  None.

**(8)    Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

<u>Response</u>:  None.

Respectfully submitted this 21st day of April, 2011.

/s/ Randy J. Butterfield
Randy J. Butterfield
  Georgia Bar No. 100120
Charles H. Tisdale
  Georgia Bar No. 712950
Emily E. Shingler
  Georgia Bar No. 311482
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5136

Email:  rbutterfield@kslaw.com
Email:  ctisdale@kslaw.com
Email:  eshingler@kslaw.com

*Counsel for Plaintiff ProLogis*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **PROLOGIS,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO.:** |
| | **1:11-CV-00607-JOF** |
| **THE MEN'S WEARHOUSE,** | |
| **Defendant.** | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** was prepared in Times New Roman 14-point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

/s/ Randy J. Butterfield
Randy J. Butterfield
   Georgia Bar No. 100120
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521

*Counsel for Plaintiff ProLogis*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFF'S**

**INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system,

which will automatically send notification of the filing to the following:

> William J. Sheppard
> James Merritt, Jr.
> JAMES, BATES, POPE & SPIVEY, LLP
> 3399 Peachtree Road, N.E.
> Suite 810 – The Lenox Building
> Atlanta, Georgia 30326
> Tel: 404-997-6020
> Fax: 404-997-6021
> wsheppard@jbpslaw.com
> jmerrit@jbpslaw.com

> *Counsel for Defendant The Men's Wearhouse*

This 21st day of April, 2011.

> /s/ Randy J. Butterfield
> Randy J. Butterfield
>   Georgia Bar No. 100120
> KING & SPALDING LLP
> 1180 Peachtree Street N.E.
> Atlanta, GA 30309-3521

> *Counsel for Plaintiff ProLogis*

## ATTACHMENT A

### Identification of Individuals with Discoverable Information

The following is a list of names and, if known, addresses and telephone numbers of individuals that Plaintiff currently believes are likely to have discoverable information relevant to facts alleged with particularity in the pleadings, identifying the subjects of the information:

| Name | Subject Matter | Address & Phone |
|------|---------------|-----------------|
| ProLogis<br>Jan Kneisel<br>Scott W. Strine | Background, costs, and ongoing expenses. | c/o Randy J. Butterfield<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, Georgia 30309<br>404-572-3511<br>404-572-5136 (fax) |
| ProLogis<br>Rodney Davidson<br>Susan Cantrell<br>Danita Williams | Property management, costs, and ongoing expenses. | c/o Randy J. Butterfield<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, Georgia 30309<br>404-572-3511<br>404-572-5136 (fax) |
| SECOR<br>D. Howe Gates<br>Mark A. Trewartha | Contamination | c/o Randy J. Butterfield<br>King & Spalding LLP<br>1180 Peachtree Street<br>Atlanta, Georgia 30309<br>404-572-3511<br>404-572-5136 (fax) |

| Name | Subject Matter | Address & Phone |
|------|----------------|-----------------|
| WSP Environment & Energy (formerly known as Environmental Strategies Corp.) Kurt Zmich | Contamination | c/o Randy J. Butterfield King & Spalding LLP 1180 Peachtree Street Atlanta, Georgia 30309 404-572-3511 404-572-5136 (fax) |
| EPD Employees David Reuland Carolyn L. Daniels Kristen Ritter-Rivera Terry Allison Bruce O'Connor Jim Brown | Contamination | Georgia Department of Natural Resources Response and Remediation Program 2 Martin Luther King, Jr. Dr. Suite 1462, East Tower Atlanta, GA 30334 404-657-8600 |
| Environmental consultants retained by Defendant, including S&ME, Wilmer Engineering, Environ, and Maxis Engineering, together with their respective agents and employees | Remedial activities | |
| Any person identified by Men's Wearhouse. | | |

By listing individuals for ProLogis or their consultants, ProLogis in no way

consents to Men's Wearhouse contacting these individuals, except through counsel

for ProLogis.  ProLogis reserves the right to supplement this list in the event

additional individuals with relevant information are identified.  In addition,

ProLogis reserves the right to call at trial, in person or by deposition, any person who has been deposed or cross-noticed for deposition in this case, any person who has been listed by any other party as a potential fact or expert witness, any person identified in documents by any other party, or any appropriate rebuttal witnesses to potential fact or expert witnesses identified by any other party.

## **ATTACHMENT C**

**Identification of Documents in the Possession or Control of Plaintiff**

The following is a description by category and location of all documents that are relevant to disputed facts alleged with particularity in the pleadings:

(1)    Lease agreements and lease amendments between the Parties (being produced).

(2)    The Environmental Agreement and Access Agreement between the Parties (being produced).

(3)    Correspondence between the Parties and their counsel (not produced as Defendant has these documents).

(4)    The Administrative Record from EPD pertaining to contamination on or from the Property (in the files of EPD).

(5)    Environmental reports and supporting data analyses prepared by consultants for Men's Wearhouse (in the possession of Defendant).

(6)    Documents related to ProLogis's expenses for attorney's fees and environmental services concerning the contamination of the Property (redacted copies being produced).

(7)     Documents related to Plaintiff's income and expenses for the Property
(certain documents being produced, others awaiting execution of
confidentiality agreement and protective order).

(8)     Documents related to the deeds, legal description, and title insurance
for the Property (being produced).

(9)     Certificates of amendment from the state of Maryland for Plaintiff's
name changes (being produced).

ProLogis reserves the right to supplement this list in the event it identifies
additional documents.  ProLogis further reserves the right to use information,
documents, and things subsequently obtained from Men's Wearhouse and/or third
parties during the course of discovery.

## ATTACHMENT D

### Summary of Invoices from Environmental Consultants

| Vendor Name | Description | Invoice # | Date | Amount |
|---|---|---|---|---|
| Environmental Strategies Corp. | Professional Services | 27093 | 1999 | $760.00 |
| Environmental Strategies Corp. | Professional Services | 27623 | 1999 | $2,658.64 |
| Environmental Strategies Corp. | Professional Services | 28410 | 2000 | $2,222.81 |
| Environmental Strategies Corp. | Professional Services | 29219 | 2000 | $4,263.54 |
| Environmental Strategies Corp. | Professional Services | 29721 | 2000 | $2,766.11 |
| Environmental Strategies Corp. | Professional Services | 30325 | 2000 | $3,673.52 |
| SECOR | Sampling Investigation | 159887 | 5/8/1998 | $16,387.76 |
| Environmental Strategies Corp. | Professional Services | 24642 | 11/13/1998 | $798.75 |
| Environmental Strategies Corp. | Professional Services | 30598 | 8/31/2000 | $1,682.04 |
| Environmental Strategies Corp. | Professional Services | 31201 | 10/27/2000 | $618.67 |
| Environmental Strategies Corp. | Professional Services | 33211 | 5/25/2001 | $380.00 |
| Environmental Strategies Corp. | Professional Services | 33820 | 7/27/2001 | $332.50 |
| Environmental Strategies Corp. | Professional Services | 34178 | 8/31/2001 | $455.00 |
| Environmental Strategies Corp. | Environmental Study | 1857201 | 5/30/2002 | $150.23 |
| Environmental Strategies Corp. | Professional Services | 1857202 | 8/23/2002 | $370.00 |

| Vendor Name | Description | Invoice # | Date | Amount |
|---|---|---|---|---|
| Environmental Strategies Corp. | Professional Services | 1857203 | 9/20/2002 | $195.00 |
| Environmental Strategies Corp. | Professional Services | 1857204 | 3/20/2003 | $1,774.50 |
| Environmental Strategies Corp. | Professional Services | 1857205 | 4/18/2003 | $180.50 |
| Environmental Strategies Corp. | Professional Services | 185720-6 | 5/16/2003 | $100.61 |
| Environmental Strategies Corp. | Professional Services | 1857207 | 6/20/2003 | $80.50 |
| Environmental Strategies Corp. | Environmental Evaluation | 18572010 | 10/17/2003 | $100.85 |
| Environmental Strategies Corp. | Pleasantdale Industrial Building | 185720-11 | 12/19/2003 | $200.00 |
| Environmental Strategies Corp. | Professional Services | 1857208 | 7/18/2003 | $100.00 |
| Environmental Strategies Corp. | Professional Services | 1857209 | 8/14/2003 | $163.66 |
| Environmental Strategies Corp. | Professional Services | 185720-12 | 2/13/2004 | $1.69 |
| Environmental Strategies Corp. | Professional Services | 18572014 | 5/26/2004 | $114.22 |
| Environmental Strategies Corp. | Professional Services | 185872015 | 7/26/2004 | $412.51 |
| Environmental Strategies Corp. | Environmental | 18572016 | 8/20/2004 | $27.84 |
| Environmental Strategies Corp. | Environmental | 18572013 | 3/19/2004 | $103.89 |
| Environmental Strategies Corp. | Environmental | 185720-17 | 12/22/2004 | $513.25 |
| Environmental Strategies Corp. | Environmental | 185720-18 | 1/26/2005 | $2,240.60 |

| Vendor Name | Description | Invoice # | Date | Amount |
|---|---|---|---|---|
| WSP Environment & Energy | Environmental Tech. Assistance | 080283-2 | 9/22/2008 | $11,898.60 |
| WSP Environment & Energy | Environmental Tech. Assistance | 080283-1 | 8/13/2008 | $2,724.59 |
| WSP Environment & Energy | Environmental Tech Assistance | 10162 | 10/21/2008 | $4,839.54 |
| WSP Environment & Energy | Environmental Tech. Assistance | 10362 | 11/13/2008 | $847.30 |
| WSP Environment & Energy | Environmental | 10781 | 12/24/2008 | $3,259.44 |
| WSP Environment & Energy | Environmental | 11187 | 2/20/2009 | $647.98 |
| WSP Environment & Energy | Professional Services | 11360 | 3/16/2009 | $1,901.45 |
| WSP Environment & Energy | Professional Services | 12402 | 8/18/2009 | $7,411.90 |
| WSP Environment & Energy | Professional Services | 12932 | 10/20/2009 | $9,136.22 |
| WSP Environment & Energy | Professional Services | 13329 | 12/10/2009 | $559.65 |

| *Vendor Name* | *Description* | *Invoice #* | *Date* | *Amount* |
|---|---|---|---|---|
| WSP Environment & Energy | Professional Services | 14713 | 6/24/2010 | $470.58 |
| WSP Environment & Energy | Professional Services | 15491 | 10/13/2010 | $941.16 |

**TOTAL**       **$88,467.60**

**Summary of Invoices from King & Spalding**

| Date | Invoice # | Fees | Expenses | Invoice Total |
|---|---|---|---|---|
| 3/31/1998 | 94914 | $12,057.10 | $203.48 | $12,260.58 |
| 4/28/1998 | 96287 | $850.50 | $13.86 | $864.36 |
| 7/29/1998 | 101755 | $6,585.00 | $104.16 | $6,689.16 |
| 8/20/1998 | 103248 | $1,065.00 | $25.99 | $1,090.99 |
| 9/29/1998 | 105611 | $661.50 | $3.73 | $665.23 |
| 11/25/1998 | 109680 | $4,823.00 | $319.81 | $5,142.81 |
| 12/18/1998 | 111449 | $1,134.00 | $38.06 | $1,172.06 |
| 2/24/1999 | 115468 | $363.00 | $0.76 | $363.76 |
| 3/30/1999 | 117503 | $2,015.00 | $79.58 | $2,094.58 |
| 4/21/1999 | 118793 | $1,600.00 | $40.37 | $1,640.37 |
| 5/31/1999 | 121394 | $2,447.00 | $11.76 | $2,458.76 |
| 6/23/1999 | 122810 | $697.50 | $16.43 | $713.93 |
| 7/29/1999 | 124848 | $495.00 | $5.78 | $500.78 |
| 8/30/1999 | 126627 | $652.50 | $45.53 | $698.03 |
| 9/30/1999 | 128680 | $1,576.50 | $40.38 | $1,616.88 |
| 10/27/1999 | 130242 | $2,976.00 | $13.53 | $2,989.53 |

| Date | Invoice # | Fees | Expenses | Invoice Total |
|---|---|---|---|---|
| 11/18/1999 | 132122 | $157.50 | $2.09 | $159.59 |
| 12/29/1999 | 134768 | $360.00 | $5.70 | $365.70 |
| 1/26/2000 | 136436 | $292.50 | $3.87 | $296.37 |
| 2/24/2000 | 138406 | $4,251.50 | $19.85 | $4,271.35 |
| 3/21/2000 | 139949 | $1,410.00 | $48.82 | $1,458.82 |
| 5/23/2000 | 144525 | $4,236.50 | $37.26 | $4,273.76 |
| 6/28/2000 | 147290 | $987.00 | $9.30 | $996.30 |
| 7/24/2000 | 148994 | $1,737.50 | $4.56 | $1,742.06 |
| 9/12/2000 | 152188 | $1,717.30 | $41.68 | $1,758.98 |
| 10/18/2000 | 155175 | $75.00 | $2.00 | $77.00 |
| 12/31/2000 | 160903 | $1,546.00 | $15.98 | $1,561.98 |
| 1/18/2001 | 161779 | $2,357.00 | $137.03 | $2,494.03 |
| 2/22/2001 | 164959 | $153.00 | - | $153.00 |
| 3/22/2001 | 167501 | $1,530.00 | $6.32 | $1,536.32 |
| 4/19/2001 | 169694 | $11,083.30 | $622.89 | $11,706.19 |
| 5/21/2001 | 172405 | $7,333.50 | $98.48 | $7,431.98 |
| 7/31/2001 | 178146 | $7,796.50 | $1,149.11 | $8,945.61 |

| Date | Invoice # | Fees | Expenses | Invoice Total |
|---|---|---|---|---|
| 8/27/2001 | 180389 | $2,403.00 | $28.05 | $2,431.05 |
| 9/28/2001 | 182864 | $1,453.50 | $3.36 | $1,456.86 |
| 10/23/2001 | 185516 | $1,759.50 | $10.15 | $1,769.65 |
| 12/28/2001 | 191793 | $720.00 | $120.42 | $840.42 |
| 1/22/2002 | 193677 | $127.50 | - | $127.50 |
| 2/13/2002 | 195710 | $55.00 | - | $55.00 |
| 3/20/2002 | 199017 | $165.00 | - | $165.00 |
| 4/17/2002 | 201579 | $605.00 | $0.10 | $605.10 |
| 5/22/2002 | 204738 | $302.50 | - | $302.50 |
| 6/17/2002 | 206870 | $275.00 | $2.78 | $277.78 |
| 9/26/2002 | 216566 | $770.00 | $2.59 | $772.59 |
| 4/14/2003 | 235163 | $840.00 | $5.60 | $845.60 |
| 5/7/2003 | 237589 | $1,110.00 | - | $1,110.00 |
| 7/19/2003 | 245006 | $210.00 | $18.62 | $228.62 |
| 8/7/2003 | 247037 | $150.00 | - | $150.00 |
| 3/10/2004 | 268980 | $245.00 | - | $245.00 |
| 5/12/2004 | 275143 | $671.00 | $4.80 | $675.80 |

| Date | Invoice # | Fees | Expenses | Invoice Total |
|---|---|---|---|---|
| 7/7/2004 | 281193 | $991.50 | - | $991.50 |
| 8/10/2004 | 284709 | $1,575.00 | $2.90 | $1,577.90 |
| 11/10/2004 | 294868 | $525.00 | $1.05 | $526.05 |
| 1/21/2005 | 302717 | $10,232.80 | $932.54 | $11,165.34 |
| 2/28/2005 | 306837 | $529.00 | - | $529.00 |
| 3/31/2005 | 309628 | $830.00 | - | $830.00 |
| 4/29/2005 | 312283 | $41.50 | - | $41.50 |
| 5/31/2005 | 316872 | $124.50 | 0.50 | $125.00 |
| 6/30/2005 | 321637 | $83.00 | - | $83.00 |
| 7/31/2005 | 325823 | $124.50 | - | $124.50 |
| 8/31/2005 | 328882 | $166.00 | $0.50 | $166.50 |
| 11/30/2005 | 340289 | $83.00 | $15.54 | $98.54 |
| 2/28/2006 | 351091 | $138.00 | - | $138.00 |
| 6/28/2006 | 369835 | $506.00 | - | $506.00 |
| 7/28/2006 | 373635 | $552.00 | $0.05 | $552.05 |
| 10/10/2006 | 385844 | $230.00 | - | $230.00 |
| 5/16/2007 | 419759 | $2,970.00 | $27.45 | $2,997.45 |

| *Date* | *Invoice #* | *Fees* | *Expenses* | *Invoice Total* |
|---|---|---|---|---|
| 6/18/2007 | 426008 | $1,089.00 | $0.60 | $1,089.60 |
| 7/19/2007 | 431198 | $198.00 | $0.20 | $198.20 |
| 9/19/2007 | 442305 | $1,435.50 | $1.79 | $1,437.29 |
| 12/26/2007 | 462991 | $247.50 | $59.00 | $306.50 |
| 1/29/2008 | 468908 | $346.50 | $21.85 | $368.35 |
| 3/24/2008 | 480036 | - | $2.06 | $2.06 |
| 4/23/2008 | 64586M | - | $346.50 | $346.50 |
| 8/25/2008 | 513452 | $3,584.50 | $356.38 | $3,940.88 |
| 9/29/2008 | 520571 | $3,932.50 | $3.50 | $3,936.00 |
| 10/20/2008 | 524571 | $856.00 | - | $856.00 |
| 11/25/2008 | 533024 | $5,564.00 | $15.31 | $5,579.31 |
| 1/29/2009 | 544713 | $3,263.50 | $1,634.87 | $4,898.37 |
| 2/25/2009 | 550101 | $522.00 | - | $522.00 |
| 3/20/2009 | 553938 | $9,338.00 | $12.00 | $9,350.00 |
| 4/24/2009 | 561243 | $13,098.50 | $41.32 | $13,139.82 |
| 5/26/2009 | 568118 | $2,784.00 | $142.04 | $2,926.04 |
| 6/22/2009 | 572056 | $6,821.50 | $354.35 | $7,175.85 |

| *Date* | *Invoice #* | *Fees* | *Expenses* | *Invoice Total* |
|---|---|---|---|---|
| 7/27/2009 | 582318 | $4,379.50 | $114.57 | $4,494.07 |
| 8/21/2009 | 586057 | $12,861.00 | $193.40 | $13,054.40 |
| 9/25/2009 | 594932 | $16,648.00 | $25.30 | $16,673.30 |
| 10/26/2009 | 603609 | $3,828.00 | - | $3,828.00 |
| 11/23/2009 | 608869 | $4,161.00 | $19.69 | $4,180.69 |
| 12/28/2009 | 616394 | $2,577.00 | $4.05 | $2,581.05 |
| 1/25/2010 | 622149 | $1,276.00 | - | $1,276.00 |
| 2/25/2010 | 629879 | $366.00 | - | $366.00 |
| 3/26/2010 | 636243 | $854.00 | $12.53 | $866.53 |
| 5/25/2010 | 648822 | $5,427.50 | $168.76 | $5,596.26 |
| 6/18/2010 | 652821 | $2,150.00 | - | $2,150.00 |
| 7/27/2010 | 661889 | $261.00 | $32.54 | $293.54 |
| 8/27/2010 | 668448 | $61.00 | - | $61.00 |
| 9/28/2010 | 674164 | $1,098.00 | - | $1,098.00 |
| 10/27/2010 | 679941 | $478.50 | $153.90 | $632.40 |
| 11/19/2010 | 683360 | $1,062.50 | - | $1,062.50 |

| *Date* | *Invoice #* | *Fees* | *Expenses* | *Invoice Total* |
|---|---|---|---|---|
| 12/10/2010 | 687729 | $1,952.00 | - | $1,952.00 |
| 1/31/2011 | 9695105 | $1,952.00 | $3.50 | $1,955.50 |
| | **TOTALS** | **$233,060.50** | **$8,065.16** | **$241,125.66** |